■ In the Matter of HOWARD WEED, Respondent, v COUNTY OF ORANGE, Appellant. [619 NYS2d 312] —In a proceeding pursuant to CPLR article 78 to compel the County of Orange to grant the petitioner a leave of absence with full pay, the appeal is from a judgment of the Supreme Court, Orange County (Rosato, J.), dated November 17, 1992, which directed the appellant to grant the petitioner "leave with full pay for a period not to exceed twelve months and while the petitioner's disability renders him unable to perform his duties, retroactive to July 27, 1992."

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

The petitioner, an Orange County employee covered by a collective bargaining agreement between the appellant, the County of Orange, and the Civil Service Employees Association, injured his back on the job and applied for a one-year leave of absence with full pay pursuant to article 20 of the agreement. The application was denied by the Commissioner of Personnel and the petitioner submitted a grievance to his immediate supervisor pursuant to article 30 of the agreement. The supervisor rendered a "first step" decision sustaining the petitioner's grievance and granting him leave with full pay based on his finding that the petitioner "is a very capable, dedicated employee and deserves to be paid full pay." The County refused to honor the supervisor's decision, and the petitioner brought this proceeding to compel the County's compliance with the decision.

Under article 20 of the collective bargaining agreement, the Commissioner of Personnel is given sole discretion in granting

paid leave. In the absence of any evidence to establish that the parties intended to limit the discretion of the Commissioner of Personnel, or under what circumstances paid leave had been granted in the past, there is no rational basis for the supervisor's determination construing article 20 as a mandatory requirement on the part of the County (cf., *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). Accordingly, the County shall not be compelled to comply with the determination of the petitioner's supervisor sustaining the grievance.

In light of our determination, we need not address the parties' remaining contentions. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.